See further, Slingerland *v.* Norton, 58 Hun, 578 ; Gommersall *v.* Crew, 31 N. Y. St. Rep.  555 ; Davey *v.* Lohrmann, 39 Id. 207 ; Brice *v.* Bauer, 108 N. Y. 428; White *v.* Old Dominion S. Co., 102 Id. 660; Bartlett *v.* Tarbox, 1 Abb. Ap. Dec. 120; Jones *v.* Sparks, 40 Hun, 639;  see note in 1 Sil (Ct. of Ap.) 47.

---

HARSHAW SCOTT, Respondent, *v.* THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Court of Appeals, December 23, 1891.*

*Negligence. Contributory.*—Plaintiff was held, from his own testimony, to have been guilty of inexcusable contributory negligence in this case.

Appeal, from judgment of the supreme court, general term, first department, affirming judgment in favor of plaintiff.

*Osborn E. Bright*, for appellant.

*Austen G. Fox*, for respondent.

PER CURIAM.—We think this judgment must be reversed upon the ground that the plaintiff's negligence contributed to his injury.

Plaintiff's own testimony, and there is no other in his favor in this respect, is that he looked both ways just before he stepped upon the first track, and looked no more towards the west, from which direction he knew the express train was then about due and would pass without stopping upon the third track. He turned his foot-steps towards the east and proceeded diagonally with respect to the tracks, with his back toward the west, crossed the first and second tracks, walked between the second and third tracks, not upon the third track, but so near it that the train coming up from behind him struck him and threw him upon the pilot of the locomotive. He had on a heavy ulster overcoat with the collar turned up about his neck and ears. It is true that it was about half an hour before sunrise and a foggy morning. But the air was still and the rumble of the coming train was distinctly heard by others. Irrespective of the question of defendant's negligence, we think the plaintiff was negligent in that he omitted to keep his eyes and ears properly alert, regard being had to the dangers of the situation known to him. If he had again looked toward the west before he came so near the third track as to be within the stroke of a train passing upon it he probably would have seen the train in time to avoid it. To enter this known place of danger and to continue to walk in it without again looking to see or listening to hear whether any train was approaching from behind him, seems to us, under the circumstances, to be inexcusable.

Judgment reversed and a new trial granted, with costs to abide event.

All concur, except FOLLETT, Ch. J., not sitting.